## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## CENTRAL DIVISION

**TRENCIE V. OLIVER**                                                                 **PETITIONER**

**VS.**                              **No. 4:21-cv-00466 BRW/PSH**

**DEXTER PAYNE, Director of the**
**Arkansas Division of Correction ("ADC")**                     **RESPONDENT**

## FINDINGS AND RECOMMENDATION

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Billy Roy Wilson.  You may file written objections to all or part of this Recommendation.  If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation.  By not objecting, you may waive the right to appeal questions of fact.

## DISPOSITION

Trencie V. Oliver ("Oliver"), currently in the custody of the ADC, filed an application for writ of habeas corpus pursuant to 28 U.S.C. §2254 on May 27, 2021, and filed an amended application on September 8, 2021.  Respondent Dexter Payne ("Payne") contends the application and the amended application should be dismissed as untimely.  Oliver was given an opportunity to oppose dismissal on that basis, and

has responded.

Oliver is in ADC custody following guilty verdicts in a 2015 bench trial in Pulaski County Circuit Court on the charges of discharge of a firearm from a vehicle and possession of firearms by certain persons. Oliver was sentenced as an habitual offender to thirty years of imprisonment on each conviction, with the sentences running concurrently. On direct appeal, Oliver unsuccessfully advanced three claims: (1) the trial court erred in denying his motion to dismiss; (2) the State destroyed potentially exculpatory evidence; and (3) the trial court erred in admitting into evidence a revolver, live rounds, and shell casings. *Oliver v. State*, 2016 Ark. App. 332. Oliver sought Rule 37 postconviction relief, filing his petition on September 7, 2016. The trial court's denial of relief was affirmed by the Arkansas Court of Appeals on August 23, 2017. A petition for rehearing was denied by the Arkansas Supreme Court on October 19, 2017. Oliver filed other state court petitions – an August 2, 2018 state habeas corpus petition filed with the Pulaski County trial court, a September 18, 2018, state habeas corpus petition filed with the Circuit Court of Lee County, the county where Lee was incarcerated, and a March 26, 2020, petition filed with the Arkansas Supreme Court seeking permission to file a writ of error coram nobis in the trial court These petitions were dismissed.

In his May 2021 federal petition, and in his amended petition, Oliver advances the following claims for relief:

    1. Sufficiency of the evidence;

    2. The State violated discovery rules and/or Oliver's due process rights;

3.  State actors violated his due process rights by failing to perform a gunshot residue test when he was arrested;

4.  His sentencing was unconstitutional;

5.  The State withheld evidence of state crime laboratory testing, and Oliver's counsel failed to object to the State's failure to produce the laboratory test results; and

6.  The State withheld police reports that were favorable to Oliver and would have allowed him to impeach State witnesses.

**Statute of Limitations**

Payne contends that the statute of limitations bars consideration of these claims. Oliver has submitted pleadings opposing dismissal based upon the statute of limitations.  (See docket entry nos. 22, 23, 28, & 29).

Section 101 of 28 U.S.C. 2244 (as amended) imposes a one year period of limitation on petitions for writ of habeas corpus:

> (1)   A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has

been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Payne asserts that Oliver's direct appeal was decided by the Arkansas Court of Appeals on June 22, 2016, and the conviction was final on July 11, 2016, when the time elapsed for Oliver to seek review by the Arkansas Supreme Court. Accordingly, Payne argues Oliver had until July 11, 2017, to timely file his petition, assuming there was no tolling of the limitations period.

The tardiness of Oliver's petition is excused if the limitations period is tolled under the terms of the statute or due to equitable reasons. Payne concedes that statutory tolling benefits Oliver in this instance, but asserts that the petition is nevertheless untimely.

Statutory tolling occurs during the time in which a properly filed state postconviction petition is pending in state court. 28 U.S.C. § 2244(2). Oliver filed his Rule 37 postconviction petition on September 7, 2016. Payne calculates that the limitations period ran for 58 days between July 11, 2016 (when the conviction was final) and September 7, 2016 (when the Rule 37 petition was filed). The Rule 37 petition was pending until October 19, 2017, when the Arkansas Supreme Court denied Oliver's petition for review. The limitations period began to run again on

October 20, 2017. Taking into account the 58 days which had already elapsed prior to the filing of the Rule 37 petition, the one year limitations period expired on August 23, 2018.[1]

State court petitions filed after August 23, 2018, would not operate to toll the limitations period because "there was no federal limitations period remaining to toll." *Painter v. Iowa*, 247 F.3d 1255, 1256 (8th Cir. 2001). So, even assuming Oliver's September 18, 2018, state habeas corpus petition filed in the Circuit Court of Lee County was "properly filed" as defined by the statute, no statutory tolling occurred because the statute of limitations had already expired.[2] Thus, while statutory tolling provided some benefit to Oliver, allowing him until August 23, 2018, to file a timely federal habeas petition, he missed this deadline by well over two years.

The Court next considers whether Oliver's failure to file a timely federal petition should be excused due to equitable tolling.

> Equitable tolling is appropriate where extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time, or where a defendant's conduct lulls the prisoner into inaction. *Id.* The doctrine applies "only when some fault on the part of the defendant has caused a plaintiff to be late in filing, or when other circumstances, external to the plaintiff and not attributable to his actions, are responsible for the delay." *Flanders v. Graves,* 299 F.3d 974, 977 (8th Cir.2002).

---

[1] One year from October 20, 2017 is October 20, 2018. August 23, 2018 is 58 days before October 20, 2018.

[2] Oliver filed a state habeas corpus petition in Pulaski County on August 2, 2018, before the expiration of the limitations period. This petition, however, did not toll the limitations period because it was not "properly filed." *See Artuz v. Bennett*, 531 U.S. 4, 8 (2000), and *Lewis v. Norris*, 454 F.3d 778 (8th Cir. 2006) (state habeas corpus petition filed in wrong county was not "properly filed" and did not toll the federal statute of limitations).

Equitable tolling is an "exceedingly narrow window of relief." *(Citation omitted)*.

*Maghee v. Ault*, 410 F.3d 473, 476 (8th Cir. 2005).

In a number of pleadings (docket entry nos. 19, 20, 21, 22. 23, & 28), Oliver offers a lengthy list of reasons why equitable tolling should apply. In addition, he asserts he is actually innocent of discharging a firearm from a vehicle. Oliver submits the following as reasons for his untimely filing of his federal habeas corpus petition:

* A summary case report, dated 5/9/14, was withheld from his trial.

* A state crime laboratory letter, dated September 1, 2020, stating no fingerprint testing was performed, was withheld from trial.

* His convictions stemmed from a police conspiracy dating back to a May 2013 incident.

* His trial attorney failed to object to the withholding of the state crime laboratory report.

* He was housed in administrative segregation impeding his ability to do legal research.

* A fellow inmate assisted him with filing his Rule 37 postconviction petition.

* The prison staff where he was housed misplaced his legal mail.

* He received ineffective assistance of counsel when his Rule 37 attorney abandoned him.

* The law library was deficient at the institution where he was housed.

* His crime involved a shooting with no victims.

* He was diligent in pursuing his rights, contacting attorney John Walker, the

6

Department of Justice, and the UALR Law School.

    \* His attorney was ineffective for failing to seek Supreme Court review.

    \* Perjured testimony resulted in his conviction.

    \* His appellate attorney deceived him.

    \* Prosecutorial misconduct.

    \* A state witness testified that the passenger in Oliver's car went near the dumpster where the gun was found.

    \* His trial attorney was under a conflict because the attorney was under investigation for a drug offense.

    \* His trial attorney wrongly advised him to waive the jury trial.

    \* His appellate attorney erred in failing to raise ineffective assistance of counsel on direct appeal.

    \* His sentence is unconstitutional.

    \* The state failed to preserve evidence favorable to him.

    \* There was inadequate testing by the police.

    \* The state failed to link Oliver to the gun because there was no fingerprint testing.

    \* He was not informed that his prior convictions would enhance his sentence.

    \* His due process rights were violated when his trial attorney stipulated to his prior convictions.

    \* Evidence was tampered with.

    \* He was denied his right to allocute.

\* The trial judge erred by allowing Oliver's trial counsel to represent him when the attorney was under investigation.

The Court finds that none of the cited circumstances amount to an "extraordinary" circumstance beyond Oliver's control which made it impossible for him to file a federal petition on time, or where a defendant's conduct lulled Oliver into inaction. *Maghee*, 410 F.3d at 476. By and large, Oliver's complaints target alleged trial errors and the alleged ineffective assistance of counsel he received at trial and shortly thereafter. In total, Oliver cites four different attorneys for defective legal assistance. Oliver also alleges acts and omissions which impeded his efforts to file state court petitions. He fails, however, to establish the existence of a causal link between the allegation and the failure to file a timely *federal* habeas corpus petition. To benefit from equitable tolling, Oliver is tasked with showing a circumstance or the specific conduct of others which prevented him from meeting the August 23, 2018, deadline for filing a timely petition with this Court. His various allegations, including his general assertion of diligence, fall short.

Oliver includes a claim of actual innocence as warranting equitable tolling of the limitations period. The Supreme Court has considered equitable tolling of the limitations period when actual innocence is alleged. *See McQuiggin v. Perkins*, 569 U.S. 383 (2013). *McQuiggin* holds that actual innocence, if proved, may serve as a gateway through which the petitioner may pass to overcome the expiration of the statute of limitations. The Supreme Court emphasized, however, that a tenable actual innocence gateway plea is rare. To advance a tenable claim, Oliver must meet the

following standard set forth by the Supreme Court:

> To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial. Because such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful.

*Schlup v. Delo*, 513 U.S. 298, 324 (1995).

In other words, Oliver "must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." 513 U.S. at 327. In an effort to meet this demanding standard, Oliver points to the September 1, 2020, letter from the Arkansas State Crime Laboratory and to a summary case report written by a police investigator on May 9, 2014. Docket entry no. 19.

The September 1, 2020, letter from the Arkansas State Crime Laboratory explains that Oliver's request for a fingerprint report could not be satisfied because "no fingerprint testing was conducted in this case." Docket entry no. 19, page 5. While Oliver portrays this letter as newly discovered evidence, a review of his direct appeal shows otherwise. In his direct appeal, Oliver argued "that, with the exception of the first officer who secured the weapon for safety, the police officers acted in bad faith by tainting and destroying evidence and by preventing potentially exculpatory evidence from being created. At trial, defense counsel objected to admission of the revolver and its contents on the bases that the officers had destroyed potentially exculpatory evidence and had prevented satisfactory fingerprint testing." *Oliver v.*

*State*, 2016 Ark. App. 332, 8, 498 S.W.3d 320, 325 (2016).  The Arkansas Court of Appeals determined Oliver had not shown bad faith on the part of the police in failing to preserve evidence.  Oliver was aware of the lack of fingerprint evidence at his trial.  Indeed, he sought relief on that basis.  As a result, the September 2020 letter from the Arkansas State Crime Laboratory does not amount to new, reliable evidence which was unavailable at the time of his trial.  It follows that the letter does not satisfy the demanding test set forth in *Schlup*, and does not equitably toll the limitations period.

Oliver also cites a May 9, 2014 summary police report as evidence of his actual innocence warranting equitable tolling.  This report falls far short of establishing actual innocence as a gateway to equitable tolling.  First, Oliver alleges but offers no proof that this document was withheld from him or his trial counsel.  The author of the report, Detective Jacob Pasman ("Pasman"), testified at the 2015 trial, allowing Oliver an opportunity to explore any issues with the report.  Further, the report was not favorable to Oliver.  According to the report, Sergeant A. Dyer witnessed Oliver shoot a handgun from the driver's side of his vehicle while on Asher Avenue in Little Rock.  Passenger Gregory Oliver, Trencie Oliver's nephew, is recorded as giving a statement that his uncle fired the gun.  According to the report, Oliver refused to give a statement and threatened to sue the officers and detectives if he was charged with a crime.

The trial testimony was similar to the information in Pasman's report.  Sergeant Andre Dyer testified he saw Oliver fire three gunshots from the vehicle.  A gun was recovered at the scene.  The gun contained three live rounds and three shell casings.

Oliver testified Gregory was the shooter. Gregory testified that he told the police that Oliver shot the gun but was "just shooting in the air." 2016 Ark. App. 332. The essence of the case was Sergeant Dyer's identification of Oliver as the shooter, and the essence of the defense was Oliver's contention that he was not the shooter. Oliver does not establish that the case summary authored by Pasman was withheld from him. And even if he did, he does not show how the summary, which mirrored the trial testimony, was favorable to him. Oliver fails to establish actual innocence as a pathway to defeating the limitations period with regard to his convictions.

## Conclusion

Oliver does not establish any factual or legal basis for statutory or equitable tolling. Oliver's May 27, 2021 federal habeas petition was untimely, and the Court recommends dismissal on that basis. For the foregoing reasons, the petition for writ of habeas corpus should be dismissed and the relief requested be denied.

Pursuant to 28 U.S.C. § 2253 and Rule 11 of the Rules Governing Section 2554 Cases in the United States District Court, the Court must determine whether to issue a certificate of appealability in the final order. In § 2254 cases, a certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(1)-(2). The Court finds no issue on which petitioner has made a substantial showing of a denial of a constitutional right. Thus, we recommend the certificate of appealability be denied.

IT IS SO RECOMMENDED this 20th day of December, 2021.

_____
UNITED STATES MAGISTRATE JUDGE